IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAKESH KUMAR TAYA,

    Petitioner,

v.

MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, ERO El Paso Field Office; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of the United States Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; Executive Office for Immigration Review; and MELISSA ORTIZ, Warden of the Torrance County Detention Center,

    Respondents.

Case No. 1:26-cv-00480-MIS-SCY

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Rakesh Kumar Taya's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 2, filed February 19, 2026. The same day, the Clerk's Office served Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3.

On February 19, 2026, the Court issued an Order to Show Cause, ECF No. 4, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days. Id. at 2. The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here." Id. (citing Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF,

2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026); Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026); Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026)).

On March 4, 2026, the federal Respondents filed a Response to the Petition. ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially like" those in Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), id. at 2, and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention[,]" id. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[1] Id. at 2-3.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing

---

[1] The federal Respondents also argue that Petitioner is not entitled to attorneys' fees under the Equal Access to Justice Act ("EAJA"). Resp. at 3-4. The Court will decide whether Petitioner is entitled to an award of attorneys' fees under the EAJA if Petitioner files a separate motion for attorneys' fees.

2

violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 7.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Rakesh Kumar Taya from custody/detention without restraints beyond those that existed before his unlawful detention, and are **FURTHER ORDERED** to return all of Petitioner's personal belongings to Petitioner;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and entertain any motion for attorneys' fees.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE